# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2015

Lyle W. Cayce
Clerk

No. 14-20664
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENTON DEON HARRELL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-298-5

Before WIENER, HIGGINSON, and COSTA, Circuit Judges

STEPHEN A. HIGGINSON, Circuit Judge:*

Kenton Deon Harrell was convicted by a jury of conspiracy to interfere with commerce by robbery, and sentenced to 135 months of imprisonment and three years of supervised release. On appeal, Harrell challenges (1) the sufficiency of the evidence supporting his conviction and (2) the district court's denial of his request for a mitigating role sentence reduction. Finding no reversible error, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20664

I.

On February 21, 2013, United States Postal Service contractor John Cormier had just picked up mail from two Houston post offices when his van was cut off and boxed in by two vehicles.  A man carrying a firearm exited one of those vehicles and told Cormier to get out of the van.  Cormier did so and ran away, though not before the man struck Cormier in the head with his gun.  Having secured the postal van, the robbers proceeded to a different location to load the stolen mail into different vehicles.  Although the conspirators expected the van to contain mail worth $2 million or more, its actual contents were much less valuable.  Harrell was charged with a Hobbs Act conspiracy after he was interviewed by postal investigators.  A jury acquitted a codefendant but found Harrell guilty.  This appeal timely followed.

II.

Harrell first argues that there was insufficient evidence to support the jury's finding that he agreed to take part in the conspiracy.  Harrell moved for a judgment of acquittal at the close of the government's case and at the close of all of the evidence, so "the standard of review in assessing his sufficiency challenge is whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).  "[W]e accept 'all credibility choices and reasonable inferences made by the trier of fact which tend to support the verdict.'" *United States v. Jefferson*, 751 F.3d 314, 320–21 (5th Cir. 2014) (quoting *United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011)).

No. 14-20664

There are two elements of a Hobbs Act violation: "(1) a robbery, act of extortion, or an attempt or conspiracy to rob or extort; and (2) an interference with interstate commerce." *United States v. Robinson*, 119 F.3d 1205, 1212 (5th Cir. 1997).[1]   To prove a conspiracy, the prosecution must show "an agreement between two or more persons to commit a crime, and an overt act by one of the conspirators to further the conspiracy." *United States v. Box*, 50 F.3d 345, 349 (5th Cir. 1995) (citation omitted).   Both the existence of a conspiracy and the agreement between particular co-conspirators may be proven by circumstantial evidence.  *United States v. Chaney*, 964 F.2d 437, 449 (5th Cir. 1992); *see also United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992) ("The agreement, a defendant's guilty knowledge and a defendant's participation in the conspiracy all may be inferred from the 'development and collocation of circumstances.'" (citation omitted)).  Although "mere presence at the crime scene or close association with conspirators, standing alone, will not support an inference of participation in the conspiracy," "presence or association is one factor that the jury may rely on . . . in finding conspiratorial activity by a defendant."  *Maltos*, 985 F.2d at 746 (quoting *United States v. Magee*, 821 F.2d 234, 239 (5th Cir. 1987)).

Further, "a conviction may be based solely upon the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise insubstantial on its face."  *United States v. Silva*, 748 F.2d 262, 266 (5th Cir. 1984).  "Testimony is incredible as a matter of law only if it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature."  *United States v. Posada-Rios*, 158 F.3d 832, 861 (5th Cir. 1998).

---

[1] Harrell does not argue that the government presented insufficient evidence of interference with interstate commerce.

No. 14-20664

Charles Ray Blake, a codefendant, testified that another coconspirator approached Harrell and asked him and Blake to find someone to stop the postal van so that it could be robbed. According to Blake, Harrell then attended several meetings held to plan the robbery, discussed with Blake the prospect of obtaining lots of money from the robbery, drove with Blake to the scene of the robbery and to the place where the proceeds were loaded into several vehicles, and expected to get something from the robbery even after it occurred. Blake's statements were corroborated by Harrell's own admissions to postal investigators that he agreed to help find someone to stop the postal van in exchange for twenty percent of the profits, attended several planning meetings, went to watch the robbery and transfer of stolen goods, attempted to follow the vehicles containing those goods, and felt "ripped off" when he did not receive any proceeds. Cell phone records confirmed Harrell's presence in the vicinity where the robbery was executed. When viewed in the light most favorable to the verdict, this evidence suffices to uphold the jury's finding that Harrell joined a conspiracy to interfere with commerce by robbery.[2]

### III.

Harrell also argues that the district court erred by refusing to apply U.S.S.G. § 3B1.2, which "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). A

---

[2] Harrell complains of a lack of evidence that he himself performed an overt act in furtherance of the conspiracy, but no such evidence was required. *See Chaney*, 964 F.2d at 449 ("To establish a conspiracy . . . the government must prove beyond a reasonable doubt that the defendant entered into an agreement with at least one person to commit a crime . . . and that *any one of these conspirators* committed an overt act in furtherance of that agreement." (emphasis added)). And Harrell provides no authority supporting his argument that he cannot be convicted of conspiracy because other participants "repudiated" his continued involvement after he and Blake failed to find someone who would agree to help stop the van.

4

minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group" and demonstrates a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* cmt. n.4. A minor participant is any participant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* cmt. n.5. A minimal participant's offense level is reduced by four levels; a minor participant's, by two levels. U.S.G. § 3B1.2(a), (b).

For properly preserved claims, we review de novo the district court's interpretation and application of the Sentencing Guidelines. *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014). "Whether [a defendant] was a minor or minimal participant is a factual determination that we review for clear error." *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* The district court's refusal to grant a reduction for minimal or minor participant status is entitled to great deference. *United States v. Devine*, 934 F.2d 1325, 1340 (5th Cir. 1991).

"It is not enough that a defendant 'does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity.'" *Villanueva*, 408 F.3d at 204 (quoting *United States v. Miranda*, 248 F.3d 434, 446–47 (5th Cir. 2001)). The district court did not clearly err in finding that Harrell's participation was not peripheral. Trial evidence indicated that Harrell agreed to try to find someone to stop the postal van, recruited Blake into the conspiracy, and attended several meetings in preparation for the robbery. He also went to the scene of the robbery and to the offloading location in hopes of receiving some of the proceeds. Additionally, the Presentence Investigation Report indicates that Blake and Harrell claimed they could secure a Houston police officer to stop

No. 14-20664

the postal van, and Blake testified that Harrell accompanied him as he tried to convince a man named "Homey the Clown" to assist in stopping the van. In light of this evidence, the district court's finding that Harrell's role was not minor—let alone minimal—was not clearly erroneous. Finally, we have previously rejected as unsupported by case law "the proposition that criminal participation must be minor where the wrongdoer does not profit monetarily." *Burton v. United States*, 237 F.3d 490, 504 (5th Cir. 2000).

## IV.

The jury's verdict was supported by sufficient evidence and the district court's refusal to impose a mitigating role reduction was not clearly erroneous. Accordingly, the conviction and judgment are AFFIRMED.